**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FILED**

AUG 2 5 2008

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

In re:

MARK JOSEPH DONAHUE, SR., and                    Case No. 6:07-bk-02502-ABB
KAREN LEE DONAHUE,                                        Chapter 7

       Debtors.
_____/

MARK JOSEPH DONAHUE, SR. and
KAREN LEE DONAHUE,

       Plaintiffs,                                    Adv. Pro. No. 6:07-ap-00163-ABB

vs.

DEPARTMENT OF REVENUE,
INTERNAL REVENUE SERVICE,

       Defendant.
_____/

## MEMORANDUM OPINION

This matter came before the Court on the Complaint Under Section 523(a)(1) (Doc. No. 1) filed by Mark Joseph Donahue, Sr. ("Mr. Donahue") and Karen Lee Donahue, f/k/a Karen DeWitt ("Mrs. Donahue"), the Plaintiffs and Debtors herein (collectively, "Debtors"), seeking to have federal income tax debts for various years deemed dischargeable. Evidentiary hearings were held on May 8, 2008 and July 14, 2008 at which the Debtors, their counsel, and counsel for the Defendant Internal Revenue Service ("IRS") appeared.

The IRS was directed to file supplemental documentation, including documentation explaining the numeric codes contained in the IRS' Literal Transcripts. The Debtors were to file a response to such supplemental documentation within fourteen

days. The IRS filed a supplemental brief (Doc. No. 22) to which the Debtors did not respond. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The Debtors were married in 1997.[1]  Mr. Donahue was previously married to Janice G. Donahue; it is unknown when they divorced.  The Debtors filed this joint bankruptcy case on June 15, 2007 ("Petition Date").  This case is governed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[2] Mark Donahue was a debtor in a previous Chapter 7 bankruptcy case filed on February 6, 1989 in the United States Bankruptcy Court for the District of Maine, Case No. 89-20042-faj, in which he obtained a discharge on July 12, 1989 and the case was closed on August 21, 1989.  The Debtors were issued a discharge in their pending case on October 3, 2007 (Main Case Doc. No. 29).

Federal income tax debts for the tax years 1993 through 2004 are at issue.  Mr. Donahue individually, Mrs. Donahue individually, or the Debtors jointly may be liable for such tax debts.  A liability determination for each tax year cannot be made due to deficient information submitted by the IRS.  The IRS filed a proof of claim, Claim No. 3, for $174,476.35 consisting of a secured portion of $154,927.55 and an unsecured portion of $19,548.80.  The claim does not delineate who is liable for each tax year debt.

---

[1] The Debtors stated they were married in 1997.

[2] Pub. L. No. 109-8, 119 Stat. 23 (2005).

The Plaintiffs admit in their Complaint a debt of $174,476.35 is owed to the IRS, but contend the debt is dischargeable pursuant to Section 523(a)(1) of the Bankruptcy Code. They fail to specify who is liable for each tax year at issue and upon which subsection of 523(a)(1) their Complaint is based. They assert the taxes were "assessed in 1993, before the commencement of the case and last payable without penalty more than one year before this case was commenced." Such assertion bears no relation to the provisions of Section 523(a)(1).

The Debtors, either individually or jointly, were required to file federal income tax returns for tax years 1993 through 2004 and to pay taxes. Such returns and payments were generally due on the April 15th subsequent to the close of a particular tax year.

The Debtors were aware of their obligations to file such state tax returns and pay taxes pursuant to the delinquency notices and demands for payment issued by the IRS and as established by their conduct: (i) Mr. Donahue sought extensions of the filing deadline for tax years 1997 and 1998 (Doc. No. 22); (ii) Mr. Donahue made partial payments on tax liabilities for tax years 1996 (Doc. No. 22); and (iii) their assertion they filed returns for the years at issue.

The Debtors assert they filed federal tax returns based upon notations contained in the IRS' Literal Transcripts stating "Return File and Tax Assessed" and notations indicating an offer in compromise had been pending (IRS Exhs. A, B). The Debtors presented no documentation establishing they filed returns.

The IRS presented a revenue officer as a witness at trial who was unable to explain the content of the Literal Transcripts. The trial was continued and the IRS was provided an opportunity to file documentation explaining the Literal Transcripts and

3

addressing whether its records reflect returns were received. The IRS filed Certifications indicating the lack of returns for tax years 1993 through 1998. The IRS explained the notation "Return File and Tax Assessed" relates to the IRS' filing of substitute returns for tax years 1993 through 1998 (Doc. No. 22). It explained an offer in compromise was submitted by the Debtors in 2005 and an investigation ensued, but the offer in compromise was rejected due to the lack of returns for the preceding six-year period (Id.).

### Tax Years 1993 through 1998: Mr. Donahue

Mr. Donahue, either individually or jointly with Mrs. Donahue or his previous wife, was required to file federal income tax returns for tax years 1993 through 1998. The IRS presented Certifications of Lack of Filing executed by an Insolvency Territory Manager (Doc. No. 22) certifying no individual federal income tax returns were filed *by Mr. Donahue* for tax years 1993 through 1998.[3]

The IRS issued delinquency notices, demands for payment, and levy notices for tax years 1993 through 1998 (Doc. No. 22; IRS Exh. B). Mr. Donahue did not respond or file returns for those tax years, including tax years 1997 and 1998 for which he filed extensions extending his filing deadlines for those two years. The IRS prepared and filed substitute returns for tax years 1993 through 1998 pursuant to governing Internal Revenue Code provisions. Such substitute returns do not constitute returns pursuant to BAPCPA.

The IRS assessed taxes, interest, and penalties for tax years 1993 through 1998. Mr. Donahue did not challenge the assessments. Mr. Donahue owed the IRS on the Petition Date taxes of $35,210.00 and interest of $39,338.96 for tax years 1993 through

---

[3] The Account Transcripts attached to the Certifications state Mr. Donahue's filing status for tax years 1993 through 1998 was "Married Filing Separate" and list Janice Donahue's Social Security Number as the "Spouse Taxpayer Identification Number." The Account Transcripts do not reference Mrs. Donahue.

4

1998 (Doc. No. 22; Claim No. 3). The IRS has established the amount of $74,548.96 is nondischargeable as to Mr. Donahue pursuant to his failures to file returns for tax years 1993 through 1998.

The IRS assessed penalties of $30,020.33 through the Petition Date for tax years 1993 through 1998 (Doc. No. 22; Claim No. 3). Such penalties are nondischargeable to the extent they were assessed or imposed within three years of the Petition Date. Penalties assessed prior to three years of the Petition Date are dischargeable. The IRS did not delineate when the penalties for each tax year were assessed or imposed. The IRS did not establish such penalties are nondischargeable. The penalties relating to tax years 1993 through 1998 are dischargeable.

### Tax Years 1993 through 1998: Mrs. Donahue

The IRS references the "the Debtors" or "the taxpayers" in its pleadings and does not distinguish between the Debtors as individuals and as a married couple. The IRS' submissions do not address Mrs. Donahue and whether she filed tax returns or has tax debts for tax years 1993 through 1998. The IRS' supplemental documentation addresses only Mr. Donahue. The IRS' Exhibit B consisting of Literal Transcripts for tax years 1993 through 1998 is indecipherable and appears to relate only to Mr. Donahue pursuant to the Certificate of Official Record: "I certify that the annexed: are true copies of Literal Transcripts for Mark Donahue . . . ."[4]

The IRS has not rebutted Mrs. Donahue's assertion she filed returns for the tax years at issue. It has not established Mrs. Donahue has any tax liabilities for tax years 1993 through 1998 and such debts are nondischargeable. Any and all tax liabilities,

---

[4] The primary purpose in continuing the May 8, 2008 evidentiary hearing and directing the IRS to file supplemental documentation was for the IRS to decipher the contents of its Literal Transcripts, Exhibits A and B.

5

interest, and penalties relating to Mrs. Donahue for tax years 1993 through 1998 are dischargeable.

### *Tax Years 1999 through 2004*

The Certifications of Lack of Filing and Account Transcripts attached to the IRS' supplemental brief do not address tax years 1999 through 2004. The IRS' Exhibit A consisting of Literal Transcripts for tax years 1999 through 2003 is indecipherable and appears to relate only to Mr. Donahue pursuant to the Certificate of Official Record: "I certify that the annexed: are true copies of Literal Transcripts for Mark Donahue . . . ."

The IRS asserts the Debtors owe, through the Petition Date, taxes of $33,544.28, interest of $15,013.31, and penalties of $18,548.20 for tax years 1999 through 2003 (Claim No. 3). The IRS contends in its supplemental brief the Debtors' tax liabilities for tax years 1999 through 2003 "coupled with the failure to file for the tax years 1993 through 1998" are nondischargeable for "willful evasion."

The IRS has the burden to establish, by a preponderance of the evidence, the Debtors willfully attempted in any manner to evade or defeat a tax debt for tax years 1999 through 2003. The IRS has not established the Debtors: (i) attempted in any manner to evade or defeat a tax; and (ii) the attempt was done willfully. The IRS has not established *the Debtors* failed to file income tax returns for 1993 through 1998; it only established Mr. Donahue did not file returns for those years. The IRS has not established the tax debts relating to tax years 1999 through 2003 are nondischargeable. Any and all tax liabilities, interest, and penalties relating to the Debtors, either individually or jointly, for tax years 1999 through 2003 are dischargeable.

6

The IRS asserts the Debtors owed on the Petition Date taxes of $1,856.95, interest of $314.96, and penalties of $629.36 for tax year 2004. The IRS contends the "Debtors['] 2004 taxes are nondischargeable priority taxes." The IRS provided no basis for such contention and no documentation regarding tax year 2004, including when such penalties were assessed or imposed. It has not established the tax debt for tax year 1994 is nondischargeable. Any and all tax liabilities, interest, and penalties relating to the Debtors, either individually or jointly, for tax year 2004 are dischargeable.

## CONCLUSIONS OF LAW

### *11 U.S.C. Section 523(a)*

Section 523(a)(1) of the Bankruptcy Code contains three subsections, (A), (B), and (C), which render a debt "for a tax or a customs duty" nondischargeable. The Debtors failed to delineate upon which subsection of 523(a)(1) they base their Complaint. The IRS challenges the dischargeability of the tax debts for tax years 1993 through 2004.

The dischargeability exceptions of Section 523 are to be construed "liberally in favor of the debtor." Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir. 1994). The government has the burden to establish by a preponderance of the evidence a particular debt is nondischargeable pursuant to Section 523(a). U.S. v. Fretz (In re Fretz), 244 F.3d 1323, 1327 (11th Cir. 2001).

Section 523(a) provides a discharge pursuant to Section 727 "does not discharge an individual debtor from any debt—"

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

7

(B) with respect to which a return, or equivalent report or notice, if required—

> (i) was not filed or given; or
> (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1) (2005).

Congress added an unnumbered "hanging" paragraph after Section 523(a)(19) defining the term "return":

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements) . . . but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a)(*) (2005).

Section 523(a)(7) addresses the dischargeability of fines, penalties, or forfeitures payable to and for the benefit of governmental units. Tax penalties generally are not dischargeable unless they fall within one of the two exceptions. The second exception, Section 523(a)(7)(B), provides a tax penalty imposed with respect to a transaction or event that occurred more than three years before the petition date is dischargeable.

### *Tax Years 1993 through 1998*

Mr. Donahue, either individually or jointly with Mrs. Donahue or his previous wife, was required to file federal income tax returns and pay taxes for tax years 1993 through 1998. He knew he was required to file such returns and pay taxes. Mr. Donahue ignored the delinquency notices and payment demands issued by the IRS.

8

The IRS prepared and filed substitute returns for Mr. Donahue for tax years 1993 through 1998 pursuant to 26 U.S.C. Section 6020(b). Such substitute returns do not constitute returns pursuant to 11 U.S.C. Section 523(a)(*).

The IRS assessed taxes, interest, and penalties for tax years 1993 through 1998. Mr. Donahue did not challenge the assessments. He owed the IRS on the Petition Date taxes of $35,210.00 and interest of $39,338.96 for tax years 1993 through 1998. The IRS has established the amount of $74,548.96 is nondischargeable as to Mr. Donahue for tax years 1993 through 1998 pursuant to 11 U.S.C. Section 523(a)(1)(B)(i).

The IRS assessed penalties of $30,020.33 through the Petition Date for tax years 1993 through 1998. Such penalties are nondischargeable to the extent they were assessed or imposed within three years of the Petition Date pursuant to 11 U.S.C. Section 523(a)(7)(B). The IRS did not delineate when the penalties for tax years 1993 through 1998 were assessed. The IRS has not established such penalties are nondischargeable. The penalties relating to tax years 1993 through 1998 are dischargeable pursuant to 11 U.S.C. Sections 523(a)(7)(B) and 727(b).

The IRS has not rebutted Mrs. Donahue's assertion she filed returns for tax years 1993 through 1998. It has not established Mrs. Donahue owes any tax debts for tax years 1993 through 1998 and such debts are nondischargeable. Any and all tax liabilities, interest, and penalties relating to Mrs. Donahue for tax years 1993 through 1998 are dischargeable pursuant to 11 U.S.C. Sections 523(a)(1), 523(a)(7)(B), and 727(b).

### *Tax Years 1999 through 2004*

The IRS asserts the tax debts for tax years 1999 through 2003 are nondischargeable pursuant to 11 U.S.C. Section 523(a)(1)(C). It has the burden of establishing, by a preponderance of the evidence, nondischargeability pursuant to Section 523(a)(1)(C). Zimmerman v. IRS (In re Zimmerman), 262 F. App'x 943, 945 (11th Cir. 2008). It must satisfy two requirements:

> a conduct requirement (that the debtor attempted in any manner to evade or defeat a tax), and a mental state requirement (that the attempt was done willfully). The government satisfies the conduct requirement when it proves the debtor engaged in affirmative acts to avoid payment or collection of taxes either through commission or culpable omission. The mental state requirement—willfulness—is satisfied where the government shows that the debtor's attempt to avoid tax liability was done voluntarily, consciously or knowingly, and intentionally. That standard is met where (1) the debtor had a duty under the law, (2) the debtor knew he had that duty, and (3) the debtor voluntarily and intentionally violated that duty.

U.S. v. Jacobs (In re Jacobs), 490 F.3d 913, 921 (11th Cir. 2007) (*internal citations and quotations omitted*). Failure to pay taxes alone does not fall within the dischargeability exception of Section 523(a)(2)(C). Id.

The IRS has not established by a preponderance of the evidence with respect to tax years 1999 through 2003 the Debtors: (i) attempted in any manner to evade or defeat a tax; and (ii) the attempt was done willfully. In re Zimmerman, 262 F. App'x at 945; In re Jacobs, 490 F.3d at 921. Any and all tax liabilities, interest, and penalties relating to the Debtors, either individually or jointly, for tax years 1999 through 2003 are dischargeable pursuant to 11 U.S.C. Sections 523(a)(1)(C), 523(a)(7)(B), and 727(b).

The IRS provided no documentation regarding tax year 2004 and no basis for its contention 2004 tax liabilities constitute a nondischargeable priority debt. The IRS did not establish its asserted tax debt for tax year 2004 is nondischargeable. Any and all tax

liabilities, interest, and penalties relating to the Debtors, either individually or jointly, for tax year 2004 are dischargeable pursuant to 11 U.S.C. Sections 523(a)(1), 523(a)(7)(B), and 727(b).

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 25th day of August, 2008.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge

11

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

MARK JOSEPH DONAHUE, SR., and
KAREN LEE DONAHUE,

      Debtors.

_____/

MARK JOSEPH DONAHUE, SR. and
KAREN LEE DONAHUE,

      Plaintiffs,

vs.

DEPARTMENT OF REVENUE,
INTERNAL REVENUE SERVICE,

      Defendant.

_____/

Case No. 6:07-bk-02502-ABB
Chapter 7

**FILED**

**AUG 2 5 2008**

**CLERK** U.S. BANKRUPTCY,
ORLANDO DIVISION

Adv. Pro. No. 6:07-ap-00163-ABB

## JUDGMENT

This matter came before the Court on the Complaint Under Section 523(a)(1) (Doc. No. 1) filed by Mark Joseph Donahue, Sr. and Karen Lee Donahue, f/k/a Karen DeWitt, the Plaintiffs and Debtors herein. Evidentiary hearings were held on May 8, 2008 and July 14, 2008. After reviewing the pleadings and evidence, hearing live testimony and argument, and in conformity with and pursuant to the **Memorandum Opinion** entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DECREED** that **JUDGMENT** is hereby entered in favor of the Defendant Internal Revenue Service and against the Debtor/Plaintiff Mark Joseph Donahue, Sr. with respect to tax years 1993 through 1998; and it is further

**ORDERED, ADJUDGED and DECREED** that the indebtedness of $74,548.96, consisting of taxes of $35,210.00 and interest of $39,338.96, owed to the Defendant Internal Revenue Services for tax years 1993 through 1998 is **NONDISCHARGEABLE**, pursuant to 11 U.S.C. Section 523(a)(1)(B)(i), as to Debtor/Plaintiff Mark Joseph Donahue, Sr.; and it is further

**ORDERED, ADJUDGED and DECREED** that **JUDGMENT** is hereby entered in favor of the Debtors/Plaintiffs Mark Joseph Donahue, Sr. and Karen Lee Donahue, f/k/a Karen DeWitt, and against the Defendant Internal Revenue Service regarding tax penalties of $30,020.33 for tax years 1993 through 1998 such indebtedness is **DISCHARGED** pursuant to 11 U.S.C. Sections 523(a)(7)(B) and 727(b); and it is further

**ORDERED, ADJUDGED and DECREED** that **JUDGMENT** is hereby entered in favor of Karen Lee Donahue, f/k/a Karen DeWitt, and against the Defendant Internal Revenue Service regarding tax years 1993 through 1998, and any and all tax liabilities, interest, and penalties relating to her for such tax years are hereby **DISCHARGED** pursuant to 11 U.S.C. Sections 523(a)(1), 523(a)(7)(B), and 727(b); and it is further

**ORDERED, ADJUDGED and DECREED** that **JUDGMENT** is hereby entered in favor of the Debtors/Plaintiffs Mark Joseph Donahue, Sr. and Karen Lee Donahue, f/k/a Karen DeWitt, and against the Defendant Internal Revenue Service regarding tax years 1999 through 2004, and any and all tax liabilities, interest, and penalties relating to the Debtors, either individually or jointly, for such tax years are hereby **DISCHARGED** pursuant to 11 U.S.C. Sections 523(a)(1), 523(a)(7)(B), and 727(b).

Dated this 25th day of August, 2008.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge

2